# IN THE COURT OF APPEALS OF IOWA

No. 23-1086
Filed October 30, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TONY WAYNE HYDE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Heather Lauber, Judge.

Tony Hyde appeals his conviction for second-degree murder. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Brenna Bird, Attorney General, and Thomas J. Ogden (until withdrawal) and Zachary Miller, Assistant Attorneys General, for appellee State.

Considered by Tabor, C.J., Buller, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

Tony Hyde appeals after a jury found him guilty of second-degree murder for killing Tim Thacker. Hyde contends the district court abused its discretion by denying his motion for new trial because the weight of the evidence shows he was justified or too intoxicated to form a specific intent to kill. We review the district court's denial of Hyde's motion for abuse of discretion. *See State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). Finding none, we affirm.

The district court may grant a motion for new trial if it finds the verdict is contrary to the weight of the evidence. *See id.* "Contrary to the weight of the evidence" means that "a greater amount of credible evidence supports one side of an issue or cause than the other." *Id.* (citation omitted). In other words, the question for the court is whether a greater amount of credible evidence suggests the verdict resulted in a miscarriage of justice. *See id.* Because an argument that the verdict is against the weight of the evidence essentially concedes there is adequate evidence to support the verdict, such motions should be granted "only in the extraordinary case in which the evidence preponderates heavily against the verdict rendered." *Id.*

Hyde first claims the weight of the evidence shows that he was justified in killing Thacker because they were engaged in a mutual physical confrontation. Hyde testified that Thacker punched him in the mouth "several times" and that he believed Thacker would stab him. But Hyde admits that he did not see Thacker with a knife. A witness to the fight testified that Hyde was beating Thacker, who did not fight back. And unlike the severe injuries suffered by Thacker, the only

injuries Hyde sustained were a small cut to his lip and cuts to his hand that Hyde inflicted on himself while beating Thacker.

In denying Hyde's motion for new trial, the district court focused on "the fact that the beating in this case was so severe." The evidence shows that Hyde not only beat Thacker until he lost consciousness but continued beating him afterward. The district court did not abuse its discretion by finding that the verdict was not contrary to the weight of the evidence based on a justification defense.

Hyde also claims that the verdict is contrary to the weight of the evidence because his intoxication rendered him unable to form the intent to kill. Hyde testified that he consumed alcoholic beverages just before the altercation, and a preliminary breath test after showed his blood alcohol concentration was three times above the legal limit for driving. But voluntary intoxication is not a defense to second-degree murder:

> It has long been the general rule in Iowa that, although voluntary intoxication cannot constitute a defense to a crime, it may negate criminal intent if such intent is an element of the crime charged. Voluntary intoxication may not, however, reduce a charge when the crime does not require a specific intent. Thus, where the defendant has been charged with second-degree murder, a general intent crime, the defendant's voluntary intoxication cannot negate malice aforethought and reduce the crime to manslaughter.

*State v. Caldwell*, 385 N.W.2d 553, 557 (Iowa 1986) (internal citations omitted). The district court did not abuse its discretion by denying Hyde's motion on this basis.

**AFFIRMED.**